PHILLIP A. TALBERT
Acting United States Attorney
JAMES R. CONOLLY
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>     v.<br><br>JORGE MENDOZA-RABAGO,<br><br>                 Defendant. | CASE NO. 2:20-CR-220-MCE<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER<br><br>DATE: November 4, 2021<br>TIME: 10:00 a.m.<br>COURT: Hon. Morrison C. England, Jr. |

      This case was set for a status conference on November 4, 2021. By this stipulation, the parties request that the Court continue the status conference to December 16, 2021, and to exclude time under Local Code T4 as well under the Court's General Orders, for the reasons set forth below, from November 4, 2021, to December 16, 2021.

      On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19.

      Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no

exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*

The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

The government requests that, in light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through his counsel of record, hereby stipulate as follows:

1. By this stipulation, the defendant now moves to continue the status conference to December 16, 2021 , and to exclude time between November 4, 2021, and December 16, 2021, under Local Code T4, in addition to the exclusion of time appropriate in light of public health concerns cited by the Court's General Orders.

2. The parties agree and stipulate, and request that the Court find the following:

   a) Defense counsel needs additional time to review the plea agreement with his client, with the assistance of a Spanish-language interpreter, which has been delayed due to health and safety-related restrictions. As part of the process of negotiating a resolution to this case, defense counsel will need time to investigate and conduct research related to the current charges, and to discuss potential resolutions with his client, to prepare pretrial motions, and to otherwise prepare for trial.

   b) The government has produced discovery in this matter, including the arresting officer's report, photographs of the narcotics seized, and DEA laboratory reports. The government has also produced video footage of the arrest taken from a law enforcement vehicle's in-car camera.

   c) Counsel for the defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   d) The government does not object to the continuance.

   e) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   f) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period between November 4, 2021, and

December 16, 2021, inclusive, is deemed excludable pursuant to the Court's General Orders, and pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: November 2, 2021

PHILLIP A. TALBERT
Acting United States Attorney

/s/ JAMES R. CONOLLY
JAMES R. CONOLLY
Assistant United States Attorney

Dated: November 2, 2021

/s/ TIM WARRINER
TIM WARRINER
Counsel for Defendant
JORGE MENDOZA-RABAGO

IT IS SO ORDERED.

DATED: November 3, 2021

_____
MORRISON C. ENGLAND, JR.
SENIOR UNITED STATES DISTRICT JUDGE