1  PHILLIP A. TALBERT
   Acting United States Attorney
2  JAMES R. CONOLLY
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:   (916) 554-2900
5

6  Attorneys for Plaintiff
   United States of America
7

8                    IN THE UNITED STATES DISTRICT COURT
9                    EASTERN DISTRICT OF CALIFORNIA
10

11  UNITED STATES OF AMERICA,              CASE NO.  2:20-CR-220-JAM

12                        Plaintiff,       STIPULATION REGARDING EXCLUDABLE
                                           TIME PERIODS UNDER SPEEDY TRIAL ACT;
13            v.                           ORDER

14  JORGE MENDOZA-RABAGO,                  DATE: December 16, 2021
                                           TIME: 10:00 a.m.
15                        Defendant.       COURT: Hon. Morrison C. England, Jr. (now
                                           reassigned to the Hon. John A. Mendez).
16

17         This case was set for a status conference on December 16, 2021, before Senior United States

18  District Judge Morrison C. England, Jr.  On November 9, 2021, the Court reassigned this case to United

19  States District Judge John A. Mendez and vacated all existing dates.

20         By this stipulation, the parties now request that the Court set a status conference in this matter on

21  February 15, 2022, and to exclude time under Local Code T4 as well under the Court's General Orders,

22  for the reasons set forth below.

23         On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the

24  Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to

25  continue all criminal matters to a date after June 1.  This and previous General Orders were entered to

26  address public health concerns related to COVID-19.

27         Although the General Orders address the district-wide health concern, the Supreme Court has

28  emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

STIPULATION REGARDING EXCLUDABLE TIME                    1
PERIODS UNDER SPEEDY TRIAL ACT

1    openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

2    *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

3    exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

4    509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

5    judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

6    or in writing").

7          Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

8    and inexcusable—General Orders 611, 612, and 617 require specific supplementation.  Ends-of-justice

9    continuances are excludable only if "the judge granted such continuance on the basis of his findings that

10   the ends of justice served by taking such action outweigh the best interest of the public and the

11   defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless

12   "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the

13   ends of justice served by the granting of such continuance outweigh the best interests of the public and

14   the defendant in a speedy trial."  *Id.*

15         The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

16   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

17   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

18   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

19   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

20   recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United*

21   *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

22   September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a

23   similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

24         The government requests that, in light of the societal context created by the foregoing, this Court

25   should consider the following case-specific facts in finding excludable delay appropriate in this

26   particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). [1]  If continued, this

27
      _____
28         [1] The parties note that General Order 612 acknowledges that a district judge may make
      "additional findings to support the exclusion" at the judge's discretion.  General Order 612, ¶ 5 (E.D.
      Cal. March 18, 2020).

      STIPULATION REGARDING EXCLUDABLE TIME                    2
      PERIODS UNDER SPEEDY TRIAL ACT

1   Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172,

2   1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

3                                                **STIPULATION**

4          Plaintiff United States of America, by and through its counsel of record, and defendant, by and

5   through his counsel of record, hereby stipulate as follows:

6          1.       By this stipulation, the defendant now moves to continue the status conference to

7   February 15, 2022 , and to exclude time between the date of this Court's order, below, and February 15,

8   2022, under Local Code T4, in addition to the exclusion of time appropriate in light of public health

9   concerns cited by the Court's General Orders.

10          2.       The parties agree and stipulate, and request that the Court find the following:

11              a)       Defense counsel needs additional time to review the plea agreement with his

12      client, with the assistance of a Spanish-language interpreter, which has been delayed due to

13      health and safety-related restrictions.  As part of the process of negotiating a resolution to this

14      case, defense counsel will need time to investigate and conduct research related to the current

15      charges, and to discuss potential resolutions with his client, to prepare pretrial motions, and to

16      otherwise prepare for trial.

17              b)       The government has produced discovery in this matter, including the arresting

18      officer's report, photographs of the narcotics seized, and DEA laboratory reports.  The

19      government has also produced video footage of the arrest taken from a law enforcement

20      vehicle's in-car camera.

21              c)       Counsel for the defendant believes that failure to grant the above-requested

22      continuance would deny him the reasonable time necessary for effective preparation, taking into

23      account the exercise of due diligence.

24              d)       The government does not object to the continuance.

25              e)       Based on the above-stated findings, the ends of justice served by continuing the

26      case as requested outweigh the interest of the public and the defendant in a trial within the

27      original date prescribed by the Speedy Trial Act.

28              f)       For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,

STIPULATION REGARDING EXCLUDABLE TIME                     3
PERIODS UNDER SPEEDY TRIAL ACT

et seq., within which trial must commence, the time period between the date of this Court's order and February 15, 2022, inclusive, is deemed excludable pursuant to the Court's General Orders, and pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  December 21, 2021                    PHILLIP A. TALBERT
                                             Acting United States Attorney

                                             /s/ JAMES R. CONOLLY
                                             JAMES R. CONOLLY
                                             Assistant United States Attorney


Dated:  December 21, 2021                    /s/ TIM WARRINER
                                             TIM WARRINER
                                             Counsel for Defendant
                                             JORGE MENDOZA-RABAGO


                                             **ORDER**


Dated:  December 27, 2021                    /s/ John A. Mendez
                                             THE HONORABLE JOHN A. MENDEZ
                                             UNITED STATES DISTRICT COURT JUDGE

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4